UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONNIE CHEROKEE BROWN, | No. 2:21-cv-00655-CKD |
| Plaintiff, | |
| v. | ORDER AND |
| ERIK A. GUTIERREZ, | FINDINGS AND RECOMMENDATIONS |
| Defendant. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in the pending civil rights action filed pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302.

**I.  Screening Requirement**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an

indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**II.     Allegations in the Complaint**

Plaintiff is suing the Deputy Attorney General for the State of California who negotiated the settlement of a prior civil rights case filed by plaintiff. See Brown v. Katz, Case No. 2:20-cv-02386-EFB (E.D. Cal.). Plaintiff alleges that defendant "extorted his settlement funds…" ECF No. 1 at 4. By way of relief, plaintiff seeks compensatory and punitive damages.

**III.    Legal Standards**

Prosecutors are absolutely immune from civil suits for damages under § 1983 which challenge activities related to the initiation and presentation of criminal prosecutions. Imbler v. Pachtman, 424 U.S. 409 (1976). Determining whether a prosecutor's actions are immunized requires a functional analysis. The classification of the challenged acts, not the motivation underlying them, determines whether absolute immunity applies. Ashelman v. Pope, 793 F.2d 1072 (9th Cir. 1986) (en banc). The prosecutor's quasi-judicial functions, rather than

administrative or investigative functions, are absolutely immune. Thus, even charges of malicious prosecution, falsification of evidence, coercion of perjured testimony and concealment of exculpatory evidence will be dismissed on grounds of prosecutorial immunity. See <u>Stevens v. Rifkin</u>, 608 F.Supp. 710, 728 (N.D. Cal. 1984).

### IV. Analysis

Defendant Gutierrez is absolutely immune from suit for his actions taken in defending the State of California in suits brought against it. See <u>Imbler v. Pachtman</u>, 424 U.S. 409, 431 (1976); <u>Bly–Magee v. California</u>, 236 F.3d 1014, 1016 (9th Cir. 2001); <u>Fry v. Melaragno</u>, 939 F.2d 832, 835–36 (9th Cir. 1991). The specific conduct complained of in the complaint relates to defendant's litigation duties in a prior lawsuit. Even when sued in an individual capacity, defendant Gutierrez is immune from suit for his conduct occurring during the performance of his official duties. See <u>Fry</u>, 939 F.2d at 836-37 (applying absolute immunity bar to government attorneys handling civil litigation in state or federal court). For this reason, the undersigned recommends dismissing plaintiff's complaint because it seeks monetary relief from a defendant who is immune from suit. See 28 U.S.C. § 1915A(b)(2).

### V. Leave to Amend

If the court finds that a complaint or claim should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend. Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (citation omitted). However, if, after careful consideration, it is clear that a claim cannot be cured by amendment, the Court may dismiss without leave to amend. Cato, 70 F.3d at 1105-06.

It appears to the court that amendment would be futile because defendant is immune from suit as a matter of law. Therefore, the undersigned recommends that this action be dismissed without leave to amend. <u>Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau</u>, 701 F.2d

1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments).

**VI. Plain Language Summary**

The following information is meant to explain this order in plain English and is not intended as legal advice.

It is recommended that your complaint be dismissed because defendant cannot be sued for monetary damages. Allowing you to amend the complaint would be futile. As a result, it is recommended that you not be granted leave to amend your complaint and that this civil action be closed.

If you disagree with this recommendation, you have 14 days to explain why it is not the correct result. Label your explanation as "Objections to the Magistrate Judge's Findings and Recommendations." The district judge assigned to your case will then make a final decision.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is denied.

2. The Clerk of Court randomly assign this matter to a district court judge.

IT IS FURTHER RECOMMENDED that plaintiff's complaint (ECF No. 1) be dismissed without leave to amend because it seeks monetary relief from a defendant who is immune from suit.

Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

/////

//////

Dated: May 27, 2021

/s/ Carolyn K. Delaney
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/brow0655.F&R.docx